IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| EARL LAMONT BROWN | : | NO. 96-539-07 |

MEMORANDUM

Bartle, C.J.                                                August 28, 2008

      Before the court is the motion of Earl Lamont Brown ("Brown") for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2).

      On May 12, 1997, a jury convicted Brown of one count of conspiracy to distribute and possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 814(a)(1). During Brown's sentencing hearing on September 12, 1997, the court determined that the total offense level was 38 and the criminal history category was IV, producing a guideline range of 324 to 405 months. The court imposed a sentence of 324 months to be followed by 10 years of supervised release. The Court of Appeals affirmed the conviction and sentence on August 26, 1999. United States v. Gibbs, 190 F.3d 188 (3d Cir. 1999).

      Effective November 1, 2007, the Sentencing Commission adopted Amendment 706. This amended § 2D1.1 of the Guidelines to reduce the offense levels applied to offenses involving cocaine base. On December 11, 2007, in Amendment 712, the Sentencing

Commission ordered that Amendment 706 apply retroactively, effective March 3, 2008.

Title 18 U.S.C. § 3582(c)(2) permits the reduction of a defendant's sentence when he or she was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ...."  18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a).  The statute also requires that in determining whether to reduce a sentence based on a retroactive amendment, the court must consider the factors set forth in 18 U.S.C. § 3553(a), including the need for any sentence imposed "to protect the public from further crimes of the defendant."

Upon retroactively applying the amendment to Section 2D1.1, Brown's total offense level is now 36.  This results in a lowered guideline range for him of 262 to 327 months' imprisonment.  The government nonetheless argues that the court should not decrease Brown's sentence in light of his prison record, which shows such disciplinary infractions as fighting, threatening bodily harm, and repeated instances of refusing to obey an order.  The government also emphasizes the nature of the conduct underlying Brown's conviction.

While we do not condone Brown's conduct in prison, we do not find it cause for denying him a reduction in sentence based on the recent retroactive amendment to the Sentencing Guidelines.  Likewise, we find that the conduct for which Brown was incarcerated, although extremely serious, was taken into

account at sentencing and is not now cause for denying him a reduction in sentence to which he is otherwise due. Brown was 24 years old when he was sentenced by this court. A diminution in Brown's term of imprisonment from 324 months to 262 months will mean that he will not be released until he is roughly 45 years old if he receives no credit for satisfactory behavior under 18 U.S.C. § 3624(b)(1). He will still be subject, of course, to supervised release, in this case for ten years. Under the circumstances, we do not view him as posing a threat to the public safety upon his release from prison after serving a reduced, albeit still extensive, sentence.

     Taking into account all factors listed under § 3553(a), we find that a period of 262 months' incarceration is sufficient but not greater than necessary. Accordingly, we will reduce Brown's sentence to 262 months, with all other terms and conditions of his original sentence remaining the same.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| EARL LAMONT BROWN | : | NO. 96-539-07 |

<u>ORDER</u>

AND NOW, this 28th day of August, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1) the motion of movant Earl Lamont Brown to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) is GRANTED; and

(2) the term of imprisonment of Earl Lamont Brown is reduced to 262 months, with all other terms and conditions of the original sentence to remain the same.

BY THE COURT:

/s/ Harvey Bartle III
C.J.