```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
UNITED STATES OF AMERICA        :        CRIMINAL ACTION
                                :
          v.                    :
                                :
EARL LAMONT BROWN               :        NO. 96-539-7
```

<u>MEMORANDUM</u>

Bartle, J.                                              June 27, 2024

The defendant Earl Lamont Brown was found guilty by a jury of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846.  On September 12, 1997, the court sentenced him to 324 months in prison to be followed by ten years of supervised release.  On August 28, 2008, based on retroactive changes to the Sentencing Guidelines, the court reduced his imprisonment to 262 months.  The ten years of supervised release remained in place.

Brown has now moved for early termination of his supervised release.  He has served 103 months as of the filing of his motion.  He has only five more months remaining as the court had previously reduced his supervised release by one year due to his successful completion of this court's Reentry Program.  The Government has not filed a response to this motion.

Brown, who is now 51 years old, has had an unblemished record on supervised release.  He has maintained a stable residence with relatives and has held steady employment even during the global pandemic.  While previously addicted to drugs, he has been sober during the entire time he has been on supervised release.  He has paid all court-imposed financial obligations.  He now seeks to relocate to Gambia in West Africa.

Pursuant to 18 U.S.C. § 3583(e)(1), the court has the authority to terminate a defendant's supervised release after one year after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) and "if [the court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  In contrast to imprisonment, "the primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than to punish them."  United States v. Murray, 692 F.3d 273, 280 (3d Cir. 2012) (quoting Unites States v. Albertson, 645 F.3d 191, 197 (3rd Cir. 2011)).

The court lauds Brown not only for turning his life around and becoming a useful and productive citizen but also for graduating from this court's Reentry Program.  His is truly a success story.

-3-

His crime, of course, was a serious one, but that was many years ago.  He has paid for his transgressions.  After considering the required statutory factors, the court finds that his exemplary conduct since he was released and the interest of justice warrant the early termination of his supervised release.  No useful purpose would be served by reaching a contrary result.